UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| D'ANGELO MARQUEZ JENKINS and | ] | |
|---|---|---|
| CALVIN WOODROW CARTER | ] | |
|     Plaintiffs, | ] | |
| | ] | |
| v. | ] | No. 3:08-0145 |
| | ] | Trauger/Bryant |
| MONTGOMERY COUNTY JAIL | ] | |
|     Defendant. | ] | |

To:   Honorable Aleta A. Trauger, District Judge


**R E P O R T   A N D   R E C O M M E N D A T I O N**


By an order (Docket Entry No. 4) entered February 12, 2008, the Court referred this action to the Magistrate Judge ".... to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court."

Presently pending before the Court are Motions from the defendant to strike from the record certain declarations offered by the plaintiffs (Docket Entry No. 36), to dismiss the claims of Calvin Carter for want of prosecution (Docket Entry No. 39), and for a summary judgment as to all claims raised by D'Angelo Jenkins (Docket Entry No. 40). Also before the Court is plaintiff's (Jenkins) Response (Docket Entry No. 51) to the Motion for Summary Judgment.

The undersigned has conducted a review of these pleadings and the record in this case and

1

respectfully recommends, for the reasons stated below, that defendant's Motion for Summary Judgment should be granted and that this action should be dismissed. Should this recommendation be adopted by the Court, defendant's remaining Motions would be rendered moot and subject to denial on that basis.

## I. Background

At the time this action was filed, the plaintiffs were inmates at the Montgomery County Jail in Clarksville, Tennessee. The plaintiff, Calvin Carter, has apparently since been released from custody and is now a resident of Clarksville. D'Angelo Jenkins remains a prisoner at the Montgomery County Jail. Proceeding *pro se*, they bring this action pursuant to 42 U.S.C. § 1983 against the Montgomery County Jail, seeking injunctive relief and damages.

Both plaintiffs were placed in protective custody upon their arrival at the jail. D'Angelo Jenkins was later moved from protective custody and placed in the general jail population. Shortly thereafter, Jenkins was attacked by another inmate (Daniel Williams). While in protective custody, Calvin Carter was assaulted by another inmate (Justin White) and injured. The plaintiffs claim that the defendant was deliberately indifferent to their safety and, as a result, they were attacked and injured in violation of their constitutional rights.

## II. Standard of Review - Summary Judgment

The defendant has filed a motion asserting an entitlement to summary judgment. Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." In order to prevail on a motion for summary judgment, the moving party must demonstrate that no

genuine issue of material fact exists and that judgment as a matter of law should be granted in the moving party's favor. Smith v. Hudson, 600 F.3d 60, 63 (6th Cir. 1979).

In considering a motion for summary judgment, the Court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. SEC v. Blavin, 760 F.2d 706 (6th Cir. 1985). The non-moving party, however, may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claims and establishing the existence of a genuine issue of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 324 (1986).

Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.*, at 477 U.S. 248. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288-289 (1968).

### III. Analysis of the Claims

In order to state a claim for § 1983 relief, the plaintiffs must plead and prove that a person or persons, while acting under color of state law, deprived them of some right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

In this instance, the plaintiffs are bringing suit against the Montgomery County Jail. There

3

are no other defendants to the action, even though the plaintiffs have had ample opportunity to amend the complaint to include such individuals. A county jail or workhouse is not a person that can be sued under 42 U.S.C. § 1983. Rhodes v.McDannel, 945 F.2d 117, 120 (6th Cir. 1991); *see also* Marbry v. Correctional Medical Services, 2000 WL 1720959 (6th Cir.;11/6/00). Therefore, as a matter of law, the plaintiffs are not entitled to § 1983 relief from this defendant.

Of course, giving the *pro se* pleading a liberal construction, the Court could construe the complaint as an attempt to state a claim against Montgomery County, the entity responsible for the operation of the jail. However, for Montgomery County to be liable, the plaintiffs would have to allege and prove that their federally protected rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. Monell v. Department of Social Services, 436 U.S. 658, 689-690 (1978). No such allegation appears in the complaint. In fact, the plaintiffs argue to the contrary, alleging that their right to personal safety was violated because staff at the Montgomery County Jail failed to follow policies and procedures in place there. *See* Docket Entry No. 1 at pg. 3, ¶ 4; *Id.* at pg. 7. As a consequence, the plaintiffs have failed to state a claim against the defendant. Therefore, dismissal of this action would be appropriate. 28 U.S.C. § 1915(e)(2)(dismissal is appropriate at any time if the Court determines that a prisoner plaintiff has failed to state a claim upon which relief can be granted).

**RECOMMENDATION**

Upon consideration of the pleadings and the record in this case, it appears that the defendant's Motion for Summary Judgment (Docket Entry No. 40) has merit. Accordingly, the undersigned respectfully RECOMMENDS that defendant's Motion should be GRANTED and that

4

this action be DISMISSED. It is further RECOMMENDED that, in the event this recommendation is adopted and approved, the defendant's remaining Motions (Docket Entry Nos. 36 and 39) will be rendered MOOT and should be DENIED on that basis.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See* Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

                                                          Respectfully submitted,

                                                       ***s/ John S. Bryant***

                                                       John S.Bryant
                                                       United States Magistrate Judge